488

## HOPKINS v. STATE.
### No. A–11970.

Criminal Court of Appeals of Oklahoma.
June 30, 1954.

Walter Morris, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Johnnie Hopkins, defendant below, was charged in the county court of Caddo county, Oklahoma, with the crime of driving a motor vehicle upon the highways of the state of Oklahoma while under the influence of intoxicating liquor in violation of the provisions of Title 47, § 93, O.S.A. The offense was allegedly committed on the 13th day of October 1952. The defendant was tried, convicted by a jury and being unable to agree upon the punishment left the penalty to be assessed by the trial court. The trial court fixed the punishment at 30 days in jail and a fine of $250 and costs; judgment and sentence was entered accordingly, from which this appeal has been taken.

The defendant complains that the trial court refused to give certain instructions, and erred in refusing to strike certain instructions given. The defendant introduced no evidence to affirm or deny the state's contention and proof that he was drunk. The only question the defendant contends left for the jury was the question of whether or not the defendant was driving the automobile. The effect of the defendant's contention is that the court should have submitted to the jury only the question as to whether or not the defendant was driving the car. The plea of not guilty entered by the defendant put in issue all the material allegations of the information and required the state to prove beyond a reasonable doubt, not only that the defendant was driving the automobile on a public highway but that he was under the influence of intoxicating liquor at the time of said operation. An examination of the record herein discloses that the court properly instructed the jury in the above regard. The evidence clearly supports the proposition not only that the defendant was intoxicated at the time alleged in the information but that at the time complained of therein he

was highly intoxicated. Undersheriff Blakley testified that on October 13, 1952, at about 3:50 p. m., he observed the defendant driving a car northeast while he was going southwest and in trying to pull around the defendant got stuck and proceeded to rock the automobile back and forth in an effort to dislodge it. He said that he asked the defendant to get out of the car and that he was too drunk to get out and he helped him out of the automobile, that he was staggery and he arrested him for drunk driving, that the odor of whiskey was very much evident. Under the foregoing conditions it was not error for the trial court to refuse to give the defendant's requested instructions or to strike any of the instructions given. The judgment and sentence imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.